[Doc. No. 24]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| **AGNES E. WALLS,** as *Administratrix Ad Prosequendum*, and General Administratrix of the Estate of Christopher L. Miller, Deceased | : : : : : |
| **Plaintiff,** | : : |
| v. | :   Civil No. 06-5961 (JEI) |
| **THE COUNTY OF CAMDEN, et al.,** | : : |
| **Defendants** | : |
| v. | : : |
| **CFG HEALTH SYSTEMS, LLC, et al.,** | : : |
| **Third Party Defendants** | : |

## **OPINION AND ORDER**

This matter is before the Court on the "Motion to Add Direct Claims Against Third Party Defendants and to File First Amended Complaint" [Doc. No. 24] filed by Joseph A. Osfchen, Esquire, counsel for Plaintiff, Agnes E. Walls, Administratrix of the Estate of Christopher L. Miller. Plaintiff seeks to bring direct claims against the existing Third Party Defendants, CFG Health Systems, LLC ("CFG") and Steininger Behavioral Care Services ("Steininger"). Plaintiff also seeks to amend her complaint to add Charles Graham, a former Steininger employee, as a named defendant. CFG, Steininger, and Graham (hereinafter "Proposed Defendants") oppose [Docs. 28 and 29] Plaintiff's motion. Plaintiff's proposed amended complaint alleges that the Proposed Defendants committed "reckless, deliberate and wanton violations" of decedent Christopher Miller's rights while he was in their custody, resulting in Mr. Miller's suicide.

(Prop. Amend. Cmplt. ¶ 1).   For the reasons discussed herein (1) Plaintiff's request to add direct claims against CFG and Steininger is DENIED and (2) Plaintiff's request for leave to amend her complaint to add Graham as a defendant is DENIED.

I.  **Background**

    A.  **Factual Background**

Plaintiff seeks to recover damages for the injuries and wrongful death of Christopher Miller as a result of Defendants' alleged wrongful actions.  Voorhees Township police arrested Miller on January 5, 2005. (Cmplt. ¶ 13.)  Soon after his arrest, the officers took Miller to the JFK Crisis Center where he was diagnosed as suicidal.  (Id. ¶ 15.)  The following day Miller was taken to the Camden County Correctional Facility ("CCCF").  (Id.)  Soon after his arrival at CCCF, while in a holding cell pending intake, Miller threatened to hang himself and began removing his shoelaces for that purpose.  (Id. ¶ 17.)  Miller was subsequently placed on suicide watch until approximately noon on January 7, 2005 when Charles Graham removed him from the watch. (Prop. Amend. Cmplt.  ¶¶ 32, 36.)  Thereafter, Miller repeatedly told CCCF personnel that he was going to kill himself and reportedly tied his jumpsuit around his neck, but was thwarted by his cell-mates. (Cmplt. ¶¶ 31, 40.)  On January 8, 2005, while his cell-mates slept, Miller hung himself.  (Id. ¶ 38.)

In her original complaint, Plaintiff alleges that Camden County and its employees committed "deliberate and wanton violations" (Cmplt. ¶ 1) of Miller's rights while he was in their custody when they, *inter alia*, ignored Miller's requests for help, and unconstitutionally subjected him to an understaffed and overcrowded jail (Cmplt. ¶¶ 42-50) ultimately resulting in Miller's suicide.  In her amended complaint Plaintiff alleges that Steininger and CFG, which

provided medical and mental health services to CCCF on a contract basis (Pl. Br. at 2), knew or should have known of Miller's suicidal tendencies (Prop. Amend. Cmplt. ¶¶ 16, 27) and that Charles Graham, a former Steininger employee, decided to remove Miller from suicide watch without reviewing Miller's medical and mental health records.  (Id. ¶¶ 37)

### B. Procedural Background

To fully understand the issues raised in Plaintiff's motion and Proposed Defendants' opposition, it is necessary to review the time-line of relevant events in this case.  Within 90 days after Miller's January 8, 2005 death, Steininger and CFG received Tort Claim Notices from Plaintiff. (Pl. Br. at 1.)  On December 13, 2006, Plaintiff, on decedent's behalf, filed her complaint in this action against Camden County, the CCCF, Warden Eric Taylor, named CCCF officers, CCCF John Doe officers and CCCF John Doe personnel.  Subsequently, on November 8, 2007, Defendant Camden County was granted leave to file a third party complaint against Steininger and CFG (Steininger-Graham Br. at 2, [Doc. No. 29]).

### C. The Parties Arguments

In her motion and reply brief [Doc. No. 30], Plaintiff asserts that pursuant to Fed. R. Civ. P. 14(a)(3), she does not need to seek leave of court to add direct claims against the third party defendants presently in the case. (Pl. Br. at 1.)  However, because Plaintiff also seeks to add a new party she moves for leave to amend her complaint under Fed. R. Civ. P. 15(a).  (Id.)  In support of her motion, Plaintiff argues that the Proposed Defendants were on notice of her intent to bring claims against them. (Id. at 1-2.)  Plaintiff also argues that the applicable New Jersey relation back law permits her to amend her complaint to replace the "John Doe" defendants with the names of the three Proposed Defendants.
3

Proposed Defendants, in opposition, argue that Fed. R. Civ. P. 15(c) governs this case, and that under that rule, Plaintiff's amendment does not relate back to the original complaint; thus, according to Proposed Defendants, Plaintiff's motion to amend should be denied as futile. (Steininger-Graham Br. 3.)

## II.  Standard of Review

Pursuant to Fed. R. Civ. P. 15(a), leave to amend pleadings "shall be freely given when justice so requires."  Leave shall be freely given in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice or futility of the amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  See also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir.2000).  "[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment."  Long v. Wilson, 393 F.3d 390, 400 (3d Cir.2004) quoting Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1196 (3d Cir.1994).  An amendment sought pursuant to Rule 15(a) shall be permitted unless it would be inequitable or futile.  Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

In determining the futility of an amendment, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  Medpointe Healthcare, Inc. v. Hi-Tech Pharm. Co., Inc., 380 F. Supp. 2d 457, 462 (D.N.J. 2005) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997)); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  The Court must accept as true all factual allegations contained in the proposed amended complaint

and any reasonable inferences that can be drawn from them. Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001) (citing Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993)). The factual allegations must be enough, when taken as true, to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S.Ct. 1955, 1974 (2007). The only argument Proposed Defendants make in opposition to Plaintiff's motion is that the proposed amendment is futile because it is barred by the applicable statute of limitations.

## III.  Discussion

### A.  Plaintiff's Claims Against CFG and Steininger Are Time-Barred.

Plaintiff cannot add direct claims against third party defendants, Steininger and CFG, without leave of court pursuant to Fed. R. Civ. P. 14(a) because the statute of limitations on her claims against these parties has run. Rule 14(a) provides in part: "[t]he plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff." Fed. R. Civ. P. 14(a). However, a plaintiff may only assert a claim against a third-party defendant without leave of court prior to the running of the statute of limitations. Dysart v. Marriott Corp., 103 F.R.D. 15, 18 (E.D. Pa. 1984). See also Amland Properties Corp. v. Aluminum Co. of Am., 808 F. Supp. 1187, 1199 (D.N.J. 1992) (denying plaintiff's motion to assert direct claims against third party defendant under Rule 14(a) because claims were time barred as a matter of law); Fed. Ins. Co. v. Lighthouse Constr., Inc., 230 F.R.D. 387, 390 (D. Del. 2005) ("Courts interpreting Rule 14(a) have not permitted the rule to be used to add a claim which is barred by the applicable statute of limitations"). Rule 14(a) cannot be used to resuscitate a claim that is barred by the statute of limitations. See Horan v. Pope & Talbot, Inc., 119 F. Supp. 711, 712 (E.D. Pa. 1953) (Federal

Rule 14(a) "contemplate[s] the avoidance of multiplicity and circuity of actions, but [it] hardly envision[s] . . . the revival of an action extinguished or barred by the statute of limitations"); Carlise v. Monongahela Ry. Co., 16 F.R.D. 426, 427 (E.D. Pa. 1954) (holding that "the operation of Rule 14(a) of itself did not instill life into plaintiff's action against the third-party defendant").

The statute of limitations applicable for all of Plaintiff's claims against Proposed Defendants has run.  New Jersey law supplies the statute of limitations for Plaintiff's claims in both her original and proposed amended complaint.  See Cito v.Bridgewater Tp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989) ("The statute of limitations for any Section 1983 claim is the state statute which limits actions for personal injuries").  Under New Jersey law there is a two-year statute of limitations for personal injuries caused by a "wrongful act, neglect, or default." N.J.S.A. § 2A: 14-2; see also Bridgewater 892 F.2d at 25.  The statute of limitations for an action begins to run "from the moment of the wrong." Lopez v. Swyer, 62 N.J. 267, 274 (1973).  Thus, the statute of limitations for Plaintiff's claims ran for two years after the date of Miller's suicide or until January 8, 2007.  Plaintiff filed her motion to add direct claims against CFG and Steininger on August 1, 2008 – almost twenty (20) months after the statute of limitations expired. Therefore, Plaintiff cannot add direct claims against third party defendants without leave of court.

To support her argument that Rule 14(a) permits her amendment without the need for leave of court, Plaintiff cites Project Hope v. M/V Ibn Sina, 250 F.3d 67, 76-77 (2d Cir. 2001). This case held that formal amendment of the Plaintiff's complaint was not necessary to assert a direct cause of action against a third party, when the third party was on notice that it would be held liable, and the two proceeded adversely against each other.  Id.  However, the court in

6

Project Hope did not address whether the statute of limitations had expired, which is relevant here. Plaintiff has not cited a single case that supports her position that she can add a claim against an existing party when the claim is barred by the statute of limitations.

Plaintiff argues that even if her direct claims against the third party Defendants are time barred, New Jersey law allows her to "piggy back" on the third party complaint to add otherwise untimely claims. (Pl. Reply Br. at 5). Plaintiff's analysis of the relevant law is incorrect and incomplete. A plaintiff may file an amended complaint to add a direct claim against a third party defendant, after the statutory period has run, only if the original defendant joined the third party defendant within the statutory period for plaintiff's original claim. See McGlone v. Corbi, 59 N.J. 86, 96-97 (1971) (citing Lawlor v. Cloverleaf Memorial Park, Inc., 56 N.J. 326 (1970)); see also N.J.R. 4:9-3, comment 3 ("the well-established rule is, that if the third party was impleaded prior to the running of the statute, plaintiff's amendment of the complaint after the running of the statute to assert a germane claim against the third party will be deemed timely for limitations purposes"). This did not occur in this case.

An analogous case is McGlone v. Corbi. In McGlone, the original defendant filed his third-party complaint two months after the statute of limitations ran. 59 N.J. at 97. Plaintiff then sought to amend his complaint to assert direct claims against the third party defendants. The New Jersey Supreme Court held that plaintiff was precluded from asserting the direct claims because the third-party complaint was filed after the period of limitations. Id. Plaintiff cites to Burns v. Belafsky, 326 N.J. Super. 462, 470-71 (App. Div. 1999) and Lawlor, supra, to support her position. As correctly noted by Plaintiff, the Burns court held "that, from a statute of limitations time of filing point of view, an amended complaint filed out of time naming new

7

defendants who had been previously named in a third party complaint <u>filed within time</u> relates back to the time of the filing of the third party complaint." <u>Id.</u> (emphasis added). Here, however, the third party complaint was not "filed within time," that is, within the statute of limitations for Plaintiff's claims and, therefore, <u>Burns</u> does not apply and Plaintiff's amendment does not relate back. The <u>Lawlor</u> decision also does not support Plaintiff's argument. In <u>Lawlor</u>, the statute of limitations had not run when the original defendant impleaded the third party defendants. 56 N.J. at 339-45.

Here, as in <u>McGlone</u>, Defendant Camden County impleaded CFG and Steininger as third party defendants after the statute of limitations on Plaintiff's claim had run. Thus, Plaintiff may not amend her complaint pursuant to Rule 14(a) without leave of Court in order to assert direct claims against Steininger and CFG.

**B.  Plaintiff's Claims Against CFG, Steininger and Graham Do Not Relate Back.**

Because the statute of limitations bars Plaintiff's proposed claims, the correct analysis of Plaintiff's motion is under Fed. R. Civ. P. 15(c), which addresses when an amended pleading relates back to the date of the original pleading. Rule 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading, when:

> (A) [t]he law that provides the applicable statute of limitations allows relation back;
> (B)  [t]he amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleadings; or
> (C) [t]he amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought

8

against it, but for a mistake concerning the proper party's identity.

In her reply, Plaintiff asserts that Rule 15(c)(1)(A) governs her motion and that the correct analysis is under New Jersey law. Defendants, in their opposition, assert that Rule 15(c)(1)(C) governs the motion. Under either analysis, Plaintiff's amendment does not relate back to the filing of the original complaint.

Pursuant to Rule 15(c)(1)(A), an amended complaint relates back to the filing of the original complaint if relation back is allowed under the law that provides the applicable statute of limitations, in this case, New Jersey law. Plaintiff argues that the combination of New Jersey's fictitious party and relation back rules permit the filing of her amendment.

### 1. New Jersey Fictitious Party Rule

Plaintiff argues that, under New Jersey's fictitious party rule, she can amend her complaint to replace the "John Doe Defendants" named in the original complaint with the Proposed Defendants. N.J.R. 4:26-4 allows a plaintiff who does not know the name of a defendant to identify a fictitious defendant in her complaint and later amend the complaint to add the names of the real defendants in the place of the fictitious ones. In relevant part, Rule 4:26-4 provides:

> [I]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained

However, the "fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint." DeRienzo v. Harvard

Industries, Inc., 357 F.3d 348, 353 (3d. Cir. 2004) (applying New Jersey law). Additionally, "[a] plaintiff will be precluded from using R. 4:26-4 if, through the use of diligence, the defendant's identity could have been determined prior to the running of the statue of limitations." Monaco v. City of Camden, C.A. No. 04-2406, 2008 WL 408423, *4-5 (D.N.J. February 13, 2008) (finding that plaintiff failed to exercise due diligence in seeking to ascertain defendants' identities prior to the expiration of the statute of limitations). The fictitious name must also include "an appropriate description sufficient to identify" the defendant. Rutkowski v. Liberty Mut. Ins. Co., 209 N.J. Super. 140, 146 (App. Div. 1986). Finally, application of the fictitious party rule must not prejudice the defendant. DeRienzo, 357 F.3d 348, 353-54.

      The decision in Monaco v. City of Camden is also analogous to this case. In Monaco the plaintiff filed a lawsuit against the City of Camden, the Camden City Police Department, and ten fictitious John Doe Police officers alleging that the defendants violated his constitutional rights. 2008 WL 408423 at *1-3. Plaintiff filed an amended complaint naming individual defendants two years after the statute of limitations expired. Id. at *4. In Monaco, the court held that the claims against the individuals named in the amended complaint did not relate back under Rule 4:26-4 because plaintiff failed to satisfy the due diligence requirement prior to the expiration of the statute of limitations. Id. at * 8. According to the court, plaintiff failed to make efforts that "would have been readily apparent and available to a minimally diligent plaintiff and his attorney," such as, "[examining] police officer photographs, [speaking] with eyewitnesses about the identities of the allegedly culpable officers, or [reviewing] Police Department personnel records and rosters pursuant to New Jersey's Open Public Records Law." Id. at *7.

      The Proposed Defendants correctly assert that Plaintiff knew their identity before the

statute of limitations expired.   The evidence demonstrates that Plaintiff knew of CFG and Steininger's existence before she filed her original complaint; she served both with Tort Claims Act notices within 90 days after the decedent's suicide.  (Pl. Br. at 1.)  Moreover,  Plaintiff identified CFG as CCCF's "medical contractor" in her original complaint (Cmplt. ¶ 22). Therefore, Plaintiff cannot claim that she did not know CFG and Steininger's identity at the time she filed her original complaint.  It appears to the Court that Plaintiff made a tactical decision not to sue CFG and Steininger.  The applicable civil rules do not now permit Plaintiff to change her mind after the statute of limitations has run.

As to Graham, he correctly asserts that documents produced pursuant to OPRA requests before the filing of Plaintiff's complaint identified him as the Mental Health Care Director and as the individual who removed Miller from suicide watch.  (Steininger-Graham Br. at 4).  In her original complaint, Plaintiff alleged that Miller was taken off of suicide watch (Cmplt. ¶ 25), however she did not specifically name who removed him.  Plaintiff does not make any credible argument as to why she was unable to ascertain the identity of the party who ordered Miller removed from the suicide watch if she used diligent efforts to discover his identity.  At oral argument on this matter, counsel for Plaintiff argued that he did not know the role of Steininger and CFG  until "recently," but counsel did not explain when and how he learned of their role. The evidence demonstrates that Plaintiff knew Graham's identity when she filed her complaint. However, even if Graham's identity was unknown, Plaintiff could have discovered his identity through diligent efforts before the running of the statute of limitations.

2. New Jersey Relation Back Rule and Fed. R. Civ. P. 15(c)(1)(C)

In the alternative, Plaintiff asserts that  because the New Jersey statute of limitations

11

applies, her proposed amendment relates back under the New Jersey relation back rule, which states:

> An amendment changing the party against whom a claim is asserted relates back if . . . [it arises out of the conduct, transaction, or occurrence set forth in the original pleading] . . . and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.

N.J.R. 4:9-3. New Jersey's relation back law is almost identical to Fed. R. Civ. P. 15(c)(1)(C). The only material difference between the two rules is the time period under which the party to be added (1) received notice of the action and (2) knew or should have known that they would have been named a proper party if not for a mistake or misidentification. Under the applicable federal rule the period is 120 days from the date of service of the complaint; under the New Jersey rule the period is greater– anytime within the statute of limitations. Because the analysis under Fed. R. Civ. P. 15(c)(1)(C) and N.J.R. 4:9-3 is almost identical, the Court will consider them together.

Plaintiff's proposed amendment certainly arises out of the same transaction or occurrence as set forth in her original complaint. In the proposed amended complaint, Plaintiff contends that CFG, Steininger, and Graham violated the decedent's rights after his January 5, 2005 arrest, resulting in his suicide. These are the same claims asserted in the original complaint against the original defendants. Therefore, the Court will address whether, within the respective designated periods, the Proposed Defendants (1) received notice of Plaintiff's action so that they will not be prejudiced in maintaining a defense on the merits, and (2) they knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought

against them.

Proposed Defendants CFG and Steininger were on notice of the action within the time periods under both the federal rule and the New Jersey rule because Plaintiff served them both with Tort Claims Act notices within 90 days after the incident (Pl. Br. at 1).  It is not clear whether Graham, a former Steininger employee, was also on notice of the claims.  However, this factor is not dispositive because Plaintiff's failure to name Graham, CFG and Steininger was not due to mistaken identity as required under both the federal and state rules.

This Circuit has consistently held that "where there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants" then the "mistaken identity" requirement cannot be met.  <u>Lundy v. Adamar of New Jersey, Inc.</u>, 34 F.3d 1173, 1183 (3d Cir. 1994) (applying New Jersey law and finding that an amended complaint did not relate back to the time of the filing of original complaint); <u>see also</u> <u>Curbison v. Lee</u>, Civ. No. 05-5280 (JBS),  2007 WL 2226016, *3-4  (D.N.J. 2007) (finding that amended complaint did not relate back because plaintiff chose to exclude the proposed parties when filing the original complaint).

The facts in <u>Lundy</u> are similar to those here.  In <u>Lundy</u>, the plaintiff suffered a heart attack while gambling at defendant's casino.  After the statute of limitations on plaintiff's claims expired, the defendant impleaded the doctor with whom the casino had contracted to provide medical services at the time of the incident.  Eight months later the plaintiff sought to amend his complaint to add the third party defendant as a direct defendant.   The court held that the amendment did not relate back because the doctor did not have reason to believe that "but for

13

mistake" he would have been named in the complaint, notwithstanding the fact that (1) the amendment arose out of the same occurrence in the original pleading, and (2) the third party defendant had received notice of the action.  Lundy, 34 F.3d at 1182-83.

The circumstances in this case are analogous to those in Lundy.  Despite the fact that the Proposed Defendants had notice of the action and that the proposed amendment arises out of the same occurrence as the complaint, the amendment does not relate back because CFG, Steininger and Graham had no reason to believe that "but for mistake" they would have been named in the complaint.  As noted, at the time Plaintiff filed the complaint, she knew of the existence of Steininger and CFG, and served them with Tort Claims Act notices.  She also knew that Miller was removed from suicide watch and that Graham was the person most likely to have ordered the removal. Given this knowledge this Court finds that Plaintiff's failure to originally sue the Proposed Defendants was a strategic decision and not a mistake in identity.  Therefore, Plaintiff's claims against CFG, Steininger and Graham do not relate back under either  Fed. R. Civ. P. 15(c)(1)(C) or N.J.R. 4:9-3.

**Conclusion**

Because Plaintiff's claims against the Proposed Defendants are time barred and because the Proposed Amended Complaint does not relate back to the filing of the original complaint, the Court denies Plaintiff's motion to amend as futile.

Accordingly, for all of the foregoing reasons,

IT IS on this 13th day of November 2008 hereby

ORDERED that Plaintiff's Motion to Add Direct Claims Against Third Party Defendants and to File First Amended Complaint is DENIED.

                                        /s/ Joel Schneider
                                        JOEL SCHNEIDER
                                        United States Magistrate Judge